SMITH, FRANK A., Associate Judge.
This case is an appeal from summary judgment entered in behalf of appellee at a pre-trial conference. Motion for summary judgment had been interposed by defendant and upon hearing, the Court denied same.
At pre-trial conference counsel argued at great length as to the basis and measure of damage to be considered at trial. Finally, of his own motion, the Court entered a summary judgment in favor of appellee. The judgment' recited that regardless of whether the defendant (appellee) was guilty of negligence, the plaintiff (appellant) cannot show any damage proxiinately caused or flowing therefrom, as will more fully appear from the minutes of the pre-trial conference.
*113 Although the Court must have based his decision upon all that transpired at the pre-trial conference, the minutes of which are in the record, yet the depositions, affidavits and exhibits on file should not be disregarded in reviewing the correctness of the judgment.
The complaint alleges plaintiffs were the owners of a second mortgage on real estate which is particularly described, and employed defendant, who was engaged in the business of furnishing abstracts, to examine and search the title — so that they would have sufficient information to foreclose their mortgage for the purpose of entering into certain financial arrangements (hereafter described) with reference to said property; that defendant agreed to examine and search the title to said premises to discover and make known to plaintiffs any and all taxes, liens, encumbrances or defects in or against said title.
Defendant issued its abstract and as a part, certified that all taxes had been paid for the years 1957 and 1958.
It is further alleged that believing the representations of defendant that said tax statement (part of abstract) disclosed all existing taxes and liens against the property, plaintiffs relied upon said representations and entered into a contract with Burnsteins wherein it was agreed they would foreclose their mortgage and acquire title to the premises and convey same to a corporation which they would organize and own a part interest, to wit, they would receive 47i/¿ per cent interest in said corporation in exchange for their equity in the real estate with taxes paid up through 1958 as certified to by defendant. Burnsteins were to own the remainder of stock in the corporation and after discovery that the taxes for the year 1957 were unpaid, plaintiffs demanded that defendant pay same, which demand was refused.
It became necessary that said taxes be paid in order to protect their mortgage against the demand by the holder of the first mortgage and in order for plaintiffs to perform their contract with Burnsteins. Plaintiffs were unable to raise the money to redeem the taxes and found it necessary to agree to let Burnsteins have an additional 18 shares of the corporation stock in order to pay said taxes and consummate their deal.
If plaintiffs are entitled to recovery, their damages would be limited to the amount required for payment of the 1957 taxes. If it was necessary that plaintiffs give 18 additional shares of the stock to Burnstein, then the value of the 18 shares of stock would constitute the measure of their damages but not to exceed the amount required for payment of such taxes.
While plaintiff Napelbaum’s testimony varies considerably on the question of whether he was informed by his counsel that the abstract showed the taxes paid, yet there is sufficient assertion of the affirmative on his part, so that there is a genuine issue of material fact to be determined
Defendant contended that plaintiffs, as holders of the second mortgage were liable for the payment of the taxes, but such was not the case. The plaintiffs had the right to pay same by reason of their lien against the property but that was a privilege they enjoyed and their only obligation to pay the taxes arose from their contract with Burn-steins in which they obligated to convey the property with taxes paid up through the year 1958.
The trial judge entered the summary judgment upon the basis that the plaintiff cannot show any damage proximately caused or flowing therefrom even though it was guilty of negligence as charged.
Since the judgment purports to be based upon the premise that plaintiffs “cannot show any damage proximately caused or flowing therefrom” (referring to negligence as charged in the complaint, although this action does not sound in tort but instead is for breach of contract), it is necessary to consider whether damages are recover *114 able for such a breach and if so, what is the measure of same.
The pleading in regard to damages is special, as probably is necessary. Certainly the loss of stock by plaintiffs did not necessarily flow from the breach, but it may have been within the contemplation of the parties that a mistake in the abstract furnished would naturally cause plaintiffs to suffer damage in making financial arrangements in regard to the property, of which defendant was informed upon the occasion of its employment. The property in regard to which financial arrangements were anticipated when acquired by foreclosure as planned would be of less value because of the tax liens against it. It was to be expected that in considering and dealing with said property when acquired through foreclosure the matter of freedom or liability for those taxes would be an important factor.
The minutes of the pre-trial conference reflect extended argument on the part of respective counsel and considerable comment by the trial judge. We find the main part of this proceeding to be shown beginning on page 69 of the transcript in which Mr. O’Bryan speaks at great length concerning the claim for damages, at the conclusion of which the judge comments he had heard good argument and says he thinks the attorney is absolutely right; that he can’t see where these damages could be connected to this defendant. After Mr. Ellis had argued for the plaintiffs, the judge then stated he was going along with Mr. O’Bryan that this is an element of damage that cannot be attributed to the defendant (presumably the loss of the stock), and “that the issue then resolves itself into being whether or not the Plaintiff had a right to rely on the tax statement in this abstract, and what were the damages that they suffered therefrom, excluding the damages claimed to have resulted from this dealing with Mr. Burnstein.” After a bit more colloquy between counsel and the judge, he stated he had ruled and having been answered that the tax certificates added up to some $2,600, he announced if they can prove that they were damaged somehow on that, that’s what their damage is. He then made the clear statement that the main issue seems to be whether or not the plaintiffs can rely on a tax statement against the entire abstract.
Counsel for defendant argued further in regard to the claim for damages, the judge then said the only thing he could do was “ask you to show what kind of damages the Plaintiff suffered here,” and if he could not he would have to give summary judgment to the defendant, based on his other ruling that there was no lawful element of damages.
The abstract and tax statement attached were before the court at the pre-trial conference but not introduced into evidence. The Court did not indicate that he had construed the abstract to such effect that as prepared and furnished as a matter of law recovery could not be had for the taxes but, on the other hand, stated that the issue was whether or not plaintiffs had a right to rely on the tax statement in their abstract and what were the damages they suffered therefrom. As previously pointed out, they could suffer damage if they relied on the abstract and it was defective as claimed. They then would be entitled to recover damages.
The judgment must be and is hereby reversed.
SHANNON, C. J., and KANNER, J., concur.